Dear Mr. Bradford:
This is in response to your opinion request asking the following questions:
 "1. Do guards and watchmen employed and commissioned in accordance with section 8.035, R.S.Mo., 1975 Cumulative Supplement, have the authority to make arrests in the buildings and grounds of the seat of government of the State of Missouri?
 "2. If the guards make arrests or issue summons for violations of the parking and traffic regulations promulgated pursuant to section 8.172, 8.174, 8.176, and 8.178, does the Prosecuting Attorney of Cole County, Missouri have the authority to prosecute these violations?
 "3. Do guards and watchmen employed and commissioned in accordance with section 8.035 have to meet the training standards of the Missouri Minimum Police Standards Act (House Bill Nos. 879/899, Second Regular Session, 79th General Assembly)?"
Section 8.035, RSMo Supp. 1975, provides as follows:
 "The commissioner of administration may employ guards and watchmen required at the seat of government within the limits of the appropriation. Each guard and watchman employed, before entering on his duties, shall take and subscribe an oath of office to perform his duties faithfully and impartially, and shall be given a certificate of appointment, a copy of which shall be filed with the secretary of state, granting him the same powers now held by other peace officers to maintain order, preserve the peace and make arrests in the buildings at the seat of government and on the grounds thereof."
Section 8.172, RSMo 1969, provides as follows:
 "The director of the division of planning and construction shall make rules and regulations for the regulation of traffic and parking at all parking space upon the capitol grounds and upon the grounds of other state buildings located within the capital city. The regulations shall be enforced by guards."
Section 8.174, RSMo 1969, provides as follows:
 "During sessions of the general assembly the director shall provide parking space for each member and shall plainly mark the same so that the space is available at the hours determined by the director for the use of the members during each regular or special session."
Section 8.176, RSMo 1969, provides as follows:
 "The director of the division of planning and construction shall appoint a sufficient number of capitol guards so that the capitol grounds may be patrolled at all times, and that traffic and parking upon the capitol grounds and the grounds of other state buildings within the capital city may be properly controlled. A guard may make arrests for the violation of parking and traffic regulations promulgated by the director."
Section 8.178, House Bill No. 1634, 2nd Regular Session of the 79th General Assembly, provides as follows:
 "Any person who violates sections 8.172
to 8.176 or any of the traffic or parking regulations of the director shall be punished as follows: Fines for traffic violations shall not exceed five dollars for overparking, fifteen dollars for double parking and fifty dollars for speeding, and the circuit court of Cole county has authority to enforce this law."
Under Section 56.060, RSMo Supp. 1975, each prosecuting attorney shall commence and prosecute all criminal and civil actions in his county in which the county or state is concerned. Thus, it would appear that the prosecuting attorney of Cole County has jurisdiction over the enforcement of state traffic violations which are brought in the circuit court of Cole County involving violations committed in his county.
In connection with the power of arrest under Section 8.035, it appears that the power of arrest may be conferred by statute on officers who may not be recognized as peace officers at common law. In other words, particular officers may by statute be given like status as peace officers at common law as to the power to arrest without warrant. See 6A C.J.S. Arrests § 17. Another example of this is found in Frank v. Wabash Railroad Company,295 S.W.2d 16 (Mo. 1956). Thus, it appears that the capitol guards and watchmen who are properly commissioned under Section 8.035 would have the same powers of arrest granted to other peace officers to maintain order, preserve the peace, and make arrests in the buildings at the seat of government and on the grounds thereof.
In connection with your third question regarding whether guards and watchmen employed and commissioned in accordance with Section 8.035 have to meet minimum police training standards, the Second Regular Session of the 79th General Assembly enacted a Missouri minimum police training bill. This is cited as Sections590.100 through 590.150, V.A.M.S. Supplementary Pamphlet. Section590.100 defines "peace officer" for the purposes of requiring training in terms of:
 ". . . members of the state highway patrol, all state, county, and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state who regularly work more than thirty-two (32) hours a week."
Pursuant to Section 590.110, effective January 1, 1979, no person shall be employed or appointed as a peace officer by any public law enforcement agency which is possessed of the duty and power to enforce general criminal laws of this state or the ordinance of any political subdivision of this state unless he is certified by the Director as a peace officer as provided in the minimum police training bill. Further, any person who is employed or appointed as a peace officer after December 31, 1978, shall be employed or appointed on a temporary or probationary basis and the hiring agency shall within one year after the employee has assumed his office take all necessary steps to have him qualified for certification by the Director of the Department of Public Safety.
There appears to be no question but that the statutes which are to be enforced by the capitol guards and watchmen constitute general criminal laws in this state and that the guards and watchmen have full power of arrest. Therefore, capitol guards and watchmen employed and commissioned after December 31, 1978, in accordance with Section 8.035, who regularly work more than 32 hours a week in such capacity, must meet the requirements of Sections 590.100 through590.150.
CONCLUSION
It is the opinion of this office that state capitol guards and watchmen employed and commissioned in accordance with Section 8.035, RSMo Supp. 1975, have the authority to make arrests in the buildings and on the grounds at the seat of government of the state of Missouri; that the prosecuting attorney of Cole County has the authority to prosecute such violations in the circuit court of Cole County; and that the guards and watchmen who are regularly employed in a workweek for 32 hours or more and commissioned after December 31, 1978, in accordance with Section 8.035 must meet the minimum police training standards under Sections 590.100 through 590.150, V.A.M.S.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Very truly yours,
 JOHN ASHCROFT Attorney General